UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

EPHREN WHITE TAYLOR, II,                    Case No. 20-CV-1364 (PJS/ECW)

                    Petitioner,

v.                                                            ORDER

WARDEN J. FIKES,

                    Respondent.

---

Ephren W. Taylor, II, pro se.

Chad A. Blumenfield, UNITED STATES ATTORNEY'S OFFICE, for respondent.

This matter is before the Court on the objection[1] of petitioner Ephren White

Taylor, II to the December 10, 2020 Report and Recommendation ("R&R") of Magistrate

Judge Elizabeth Cowan Wright.  ECF Nos. 13, 16.  Judge Wright recommends

dismissing part of Ground 1 and all of Ground 2 of Taylor's habeas petition.[2]  The Court

---

[1]The government filed a response to Taylor's objection, and Taylor filed a reply
to that response.  ECF Nos. 18, 23.  Taylor's reply is not permitted by the local rules.  *See*
D. Minn. LR 72.2(b) (providing for an objection and response, but no reply); *Edwards v.
Best Buy Corp. Off.*, No. 17-cv-4016 (WMW/FLN), 2018 WL 1413461, at *1 n.1 (D. Minn.
Mar. 21, 2018).  The government also requested leave under D. Minn. LR 7.1 to file a
surreply to Taylor's reply, seeking to correct an error in its analysis of Taylor's felony
class in its response brief.  ECF No. 27.  The surreply also cites case law addressing the
merits of Ground 2 of Taylor's petition.  Since the surreply does not impact the Court's
decision about whether to adopt the R&R, and a surreply is not contemplated by the
local rules, the government's request is denied.

[2]Judge Wright also ordered additional briefing on part of Ground 1 and all of
(continued...)

has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Taylor's objection and adopts Judge Wright's R&R.

The R&R describes the history of Taylor's criminal conviction and subsequent filings, which the Court will not repeat.  Suffice it to say that Taylor is currently serving a 223-month sentence (reduced from 235 months) after pleading guilty to conspiring to commit mail and wire fraud in the United States District Court for the Northern District of Georgia.  Taylor has filed a slew of motions in the sentencing court, including a habeas petition under 28 U.S.C. § 2255, and he has appealed each of the sentencing court's decisions to the Eleventh Circuit.

Taylor is presently incarcerated at FCI Sandstone.  He now brings a habeas petition under 28 U.S.C. § 2241 in this Court.  ECF No. 1.  Taylor's petition asserts three grounds for relief:  Ground 1 claims that the Bureau of Prisons ("BOP") incorrectly calculated his sentence, thereby impacting his release date, custody classification, CARES Act eligibility, and prison-security level.  Ground 2 claims that Taylor was convicted of a Class C felony and that his sentence exceeds the maximum term of imprisonment authorized for such a felony under 18 U.S.C. § 3581(b).  And Ground 3

---

[2](...continued)
Ground 3.  Judge Wright did not recommend that this Court take any action as to Ground 3 at this time.

claims that the BOP is improperly handling Taylor's restitution payments. *Id.*; ECF No. 2.

Judge Wright first recommends dismissing Ground 1 insofar as it challenges the BOP's calculation of Taylor's release date, because his challenge is (very) premature. ECF No. 13 at 7–8. Taylor does not object to this recommendation. The Court agrees with Judge Wright and dismisses the relevant portion of Ground 1.

Judge Wright next recommends dismissing Ground 2 for lack of jurisdiction. Judge Wright concluded that Ground 2 challenges the imposition of Taylor's sentence (a challenge that generally must be raised in a § 2255 motion filed in the sentencing court) and that Taylor failed to show that § 2255 is "inadequate or ineffective" (as is required to raise such a challenge in a § 2241 petition filed in the district of incarceration). *Id.* at 9–13; *see, e.g.*, *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (discussing § 2255's savings clause). As Judge Wright explained, the savings clause in § 2255 is narrowly construed. *See Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019) ("'[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative.'" (quoting *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011))). Judge Wright reasoned that, because Taylor could have but did not raise his § 3581(b) claim in his § 2255 petition before the sentencing court, § 2255 is not inadequate or ineffective. *See Abdullah*, 392 F.3d at 963 ("§ 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand.").

Taylor's objection spans 30 paragraphs, but his argument about Ground 2 boils down to an assertion that he *did* raise the § 3581(b) claim in his habeas petition before the sentencing court and that the § 3581(b) issue is "STILL PENDING" before the Eleventh Circuit.[3]  ECF No. 16 ¶¶ 6, 16–26.  Having examined the record in the sentencing court and the Eleventh Circuit, the Court agrees with Judge Wright that Taylor did not raise his § 3581(b) claim in his initial § 2255 petition.[4]  And, as Judge

---

[3]Much of Taylor's objection is irrelevant to whether the R&R should be adopted. *See* ECF No. 16 ¶¶ 1–13, 27–30.  The arguments in ¶¶ 1–5 seek to clarify the status of Taylor's various appeals in the Eleventh Circuit.  Although Taylor has two appeals pending, Judge Wright is correct that Taylor's appeal of his initial § 2255 petition was terminated, as the Eleventh Circuit denied both a certificate of appealability and Taylor's motion for reconsideration.  *See Taylor v. United States*, No. 19-11082-J, 2020 WL 5634307 (11th Cir. June 15, 2020) (denying certificate of appealability); Order, *Taylor v. United States*, No. 19-11082-J (11th Cir. July 10, 2020) (denying motion to reconsider). Moreover, the dockets of the pending appeals do not support Taylor's assertion that his appeal of the denial of his initial habeas petition has been "reinstated."  *See United States v. Taylor*, No. 20-11238 (11th Cir.); *Taylor v. United States*, No. 20-13057 (11th Cir.).

In ¶¶ 6–13, Taylor points out that his § 2255 petition argued that Taylor received ineffective assistance of counsel because his trial counsel did not file a direct appeal. But the R&R never said otherwise; instead, the R&R explained that the failure of Taylor's trial counsel to directly appeal his conviction is irrelevant to whether § 2255's savings clause applies in this action.

In ¶¶ 27–30, Taylor makes arguments about Ground 3.  But since Judge Wright's R&R did not recommend that this Court take any action with respect to Ground 3, these arguments do not impact the disposition of the R&R.

[4]The § 3581(b) claim is not mentioned in Taylor's § 2255 petition.  *See* Def.'s Mot., *United States v. Taylor*, No. 14-cr-00217 (N.D. Ga. Mar. 21, 2016), ECF No. 87.  The first time Taylor raised the § 3581(b) claim was in his motion to modify his conditions of

(continued...)

-4-

Wright explained, a petitioner's failure to include an argument in his § 2255 petition does not render that remedy inadequate or ineffective. *See Lee*, 943 F.3d at 1147 ("We consider § 2255 adequate and effective even in cases where . . . a petition under § 2255 has already been denied . . . ."); *Irons v. Anderson*, No. 06-5062 (JNE/RLE), 2007 WL 465397, at *5 (D. Minn. Feb. 8, 2007) ("[Petitioner] cannot claim that Section 2255 was 'inadequate or ineffective' simply because he previously failed to pursue those claims, or because he is dissatisfied with the decisions rendered in his prior judicial proceedings.").

But even if Taylor's version of events is correct—that is, even if Taylor *did* raise the § 3581(b) claim in his initial habeas petition—Taylor still has not shown that § 2255 is inadequate or ineffective. A "prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could [have been] or *was actually raised* in the § 2255 motion filed in the sentencing district." *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003) (emphasis added); *see also Estabrook v. Barnes*, No. 19-cv-2845 (SRN/ECW), 2020 WL 4382757, at *4 (D. Minn. July 31, 2020) (finding § 2255 adequate when grounds

---

[4](...continued)
release, and then again in his motion to amend his § 2255 petition. *See* Def.'s Mot. Modify Conditions, *United States v. Taylor*, No. 14-cr-00217 (N.D. Ga. Dec. 12, 2019), ECF No. 178; Def.'s Mot. Amend, *United States v. Taylor*, No. 14-cr-00217 (N.D. Ga. Dec. 30, 2019), ECF No. 179. Both motions were filed *after* the sentencing court denied Taylor's habeas petition, and the court dismissed Taylor's motion to amend his habeas petition for lack of jurisdiction. Order, *United States v. Taylor*, No. 14-cr-00217 (N.D. Ga. Feb. 28, 2020), ECF No. 193. Taylor's appeal of this order appears to be pending.

were previously raised in § 2255 petition).  So it does not matter whether Taylor *did*

raise his § 3581(b) argument in his § 2255 petition or whether instead Taylor merely

*could* have raised that argument in his petition; either way, § 2255 is not inadequate or

ineffective.  *See Smith v. Pelosi*, No. 20-CV-0284 (NEB/KMM), 2020 WL 2857582, at *4

(D. Minn. Apr. 21, 2020) (explaining it was unnecessary to comb through records of

prior § 2255 proceedings to determine if the petitioner had raised the arguments now

brought in his § 2241 petition, because even if he had not previously raised them, "he

plainly *could have*"), *R&R adopted*, 2020 WL 2850175 (D. Minn. June 2, 2020).

Taylor's argument that the sentencing court failed to address his § 3581(b)

claim—thereby rendering § 2255 inadequate—is similarly unavailing.  Again, the reason

why the sentencing court did not address Taylor's § 3581(b) claim is that Taylor did not

*make* a § 3581(b) claim in his original § 2255 motion.  Even if he had, though, the fact that

the sentencing court neglected to address it does not mean that § 2255 is inadequate.

The sentencing court did not interpret § 2255 to *preclude* it from reaching the merits of

Taylor's § 3581(b) argument; if Taylor is correct, the sentencing court simply made a

mistake—one that Taylor could seek to have corrected on appeal.  Obviously, the fact

that a judge makes a mistake in ruling on a § 2255 motion does not make § 2255

inadequate or ineffective.  *See Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)

(rejecting argument that "the failure by the sentencing court to address his claim on the

-6-

merits" allowed for § 2241 petition); *James v. Jett*, No. 11-2609 (PJS/JJK), 2011 WL

5176801, at *6 (D. Minn. Oct. 5, 2011) ("Nor can a prisoner invoke the savings clause

merely b[y] claiming that his prior § 2255 proceedings were a 'miscarriage of justice.' If

that argument were valid, then every prisoner would be automatically entitled to a

second round of post-conviction review following the denial of a § 2255 motion."), *R&R*

*adopted*, 2011 WL 5143038 (D. Minn. Oct. 31, 2011).

In sum, Taylor's "current arguments are not based on any new facts, any new

circumstances, or any new law, which did not exist when his § 2255 proceedings were

before the trial court and the Court of Appeals." *James*, 2011 WL 5176801, at *5. The

Court therefore agrees with Judge Wright's conclusion that Taylor has not carried his

burden to show that § 2255 is inadequate or ineffective.[5]  *See Abdullah*, 392 F.3d at 959

(noting burden is on petitioner to show savings clause applies).  Taylor's objection as to

Ground 2 is therefore overruled.

---

[5]In his reply, Taylor points to the Solicitor General's Brief in *Persaud v. United States*.  ECF No. 23 at 2 (citing Brief for the United States, *Persaud v. United States*, 571 U.S. 1172 (2014) (No. 13-6435), 2013 WL 7088877).  The local rules do not permit Taylor's reply, and the Court need not consider it.  *See Wilson v. Minn. Sex Offender Program*, No. 18-CV-3352 (NEB/KMM), 2019 WL 3716602, at *1 n.1 (D. Minn. Aug. 7, 2019). Moreover, Taylor's argument is unavailing.  In *Persaud*, the Solicitor General argued that an intervening change in the law occurring *after* the petitioner's initial § 2255 petition enabled the petitioner to avail himself of the savings clause to challenge his sentence.  Brief for the United States, *Persaud*, 571 U.S. 1172 (No. 13-6435), at *22.  There is no such intervening change in law here—as Taylor himself has confirmed by insisting that he included his § 3581(b) argument in his initial habeas petition.

Even if the Court had jurisdiction to hear Ground 2, the Court would reject Taylor's argument on the merits.  Section 1349 of Title 18 provides that a defendant convicted of conspiracy "shall be subject to the same penalties as those prescribed for the offense[.]"  The statutes for mail and wire fraud both set a maximum term of imprisonment of 20 years, and neither statute assigns a letter grade to the offense.  *See* 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud).  Section 3559(a) of Title 18 provides that "[a]n offense that is not specifically classified by a letter grade in the section defining it" will be a Class C felony if "the maximum term of imprisonment authorized is . . . less than twenty-five years but ten or more years."  Thus, conspiracy to commit mail or wire fraud is a Class C felony.  *See United States v. Simpson*, 796 F.3d 548, 551 (5th Cir. 2015) (explaining that "conspiracy to commit mail and wire fraud" is a Class C felony).

Taylor argues that, since he was convicted of a Class C felony, the maximum term of imprisonment is actually 12 years, because § 3581(b) caps the maximum sentence for *all* Class C felonies at 12 years.  Taylor is plainly incorrect—and, as best as this Court can determine, his argument has been rejected by every court that has considered it.  *See, e.g., id.* at 552–53 (rejecting the argument that § 3581(b) imposes a 12-year maximum term of imprisonment for conspiracy to commit mail and wire fraud); *United States v. Avery*, 15 F.3d 816, 818–19 (9th Cir. 1993) (rejecting argument that the

-8-

maximum term for a Class C felony is 12 years when the offense statute sets a greater maximum term); *United States v. Wilson*, 10 F.3d 734, 736 (10th Cir. 1993) (noting that the tension between § 3559, § 3581, and attempted robbery statute with a 20-year maximum "is taken care of by § 3559(b)").

To begin with, Taylor ignores § 3559(b), which provides that an offense assigned a letter grade in § 3559(a) "carries all the incidents assigned to the applicable letter designation, *except* that the maximum term of imprisonment is the term *authorized by the law describing the offense*." § 3559(b) (emphasis added). Taylor also ignores 18 U.S.C. § 3551, which "indicates that the sentencing provisions in chapter 227 of Title 18, which include § 3581, do not apply when 'otherwise specifically provided.'" *Simpson*, 796 F.3d at 553. In Taylor's case, § 1341 and § 1343 (along with § 1349) are the "law[s] describing the offense," and those laws "specifically provide[]" a maximum sentence of 20 years. That statutory directive is controlling.[6]

And that only makes sense. As other federal courts have explained, "Congress would not logically leave in place its statutory scheme that assigned a penalty to the

---

[6]Taylor 's reliance on *United States v. R.L.C.*, 915 F.2d 320 (8th Cir. 1990) is misplaced. *R.L.C.* interpreted the juvenile-delinquency statute, 18 U.S.C. § 5037(c), and is not instructive on the interplay between § 3559 and § 3581. In fact, the Eighth Circuit stated in *R.L.C.* that § 3559(b) establishes "that no matter what letter classification an offense is given, the maximum term of imprisonment a judge can impose is the term listed *in the statute defining the offense*." *Id.* at 325 n.3 (emphasis added). For Taylor, that term is 20 years. *See* § 1349; § 1341; § 1343.

commission of an offense, classify the offense according to that penalty, and then use the same classification to assign a different penalty." *United States v. Gonzalez*, 922 F.2d 1044, 1050 (2d Cir. 1991) (noting that § 3559 applies only to "statutes that already set forth specific sentences" and § 3581 "assign[s] terms of imprisonment to all other offenses, *i.e.*, those statutes that did not set forth specific sentences, but only classified the offense" as a type of felony); *see also United States v. Donley*, 878 F.2d 735, 740 (3d Cir. 1989) ("[T]he terms of imprisonment set in § 3581(b) were not intended to apply to the offenses that were assigned letter grades for the first time in § 3559 . . . Rather, they were meant to apply only to those offenses that were assigned letter classifications in the statutes describing the offenses.").

One final matter:  Taylor has moved the Court to take judicial notice of adjudicative facts.  ECF No. 17.  Taylor's request that this Court take judicial notice of the dockets of the sentencing court and the Eleventh Circuit is appropriate and is granted.  *See Hart v. Comm'r*, 730 F.2d 1206, 1207 n.4 (8th Cir. 1984) (noting courts can judicially notice "proceedings in other courts if they relate directly to matters at issue").  Taylor's request that this Court take judicial notice of case law on which he relies is unnecessary—the Court does not need to take judicial notice of a case in order to read and rely on it—but is also granted.  *See McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014) ("Judicial notice of another court's opinion takes notice of 'the

existence of the opinion, which is not subject to reasonable dispute over its authenticity,'
but not of the facts summarized in the opinion." (citation omitted)).

That said, the fact that this Court has taken judicial notice of the dockets of the
sentencing court and the Eleventh Circuit and the judicial decisions on which Taylor
relies does not mean that the Court is bound to agree with Taylor's *characterizations* of
those sources. The Court is free to read those sources and decide for itself what they
say. *See Leventhal v. Tomford*, No. 18-cv-0320 (ECT/KMM), 2018 WL 10561507, at *1
(D. Minn. Dec. 26, 2018) (refusing to take notice of "snippets" from the petitioner's own
habeas filings in another court because such "characterizations are not appropriate
matters for judicial notice"); *United States v. Longs*, No. 07-189 (16) (JRT/JSM), 2014 WL
3396065, at *6 n.6 (D. Minn. July 11, 2014) (refusing to take judicial notice of portions of
an affidavit that were the petitioner's own legal conclusions about his habeas
proceedings).

The Court also denies Taylor's request for an evidentiary hearing on his judicial-
notice motion. Taylor has had an opportunity to be heard—as required by Fed. R.
Evid. 201(e)—through his written motion and through his objection to the R&R. *See
Amadasu v. Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008) ("Since Amadasu had an
opportunity to be heard on the issue of judicial notice through the filing of his
objections to the magistrate judge's report and recommendation and the filing of his

request for a hearing, a formal hearing was not necessary in this case."); *Stevens v. Roy*, No. 17-CV-4921 (SRN/TNL), 2018 WL 4907593, at *8 (D. Minn. May 29, 2018) (recommending denying evidentiary hearing when the movant filed motion and brief), *R&R adopted*, 2018 WL 4489686 (D. Minn. Sept. 19, 2018) (denying evidentiary hearing); *Jonas v. Jonas*, No. CV 13-90-M-DWM, 2014 WL 978099, at *2 (D. Mont. Mar. 12, 2014) ("[N]o federal court has held that Federal Rule of Evidence 201(e) requires a formal hearing in all circumstances."); *Bogart v. Daley*, No. CV 00-101-BR, 2001 WL 34045761, at *3 (D. Or. June 28, 2001) (denying hearing because the plaintiff was heard "when the Court carefully reviewed his requests and the documents attached").

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 16] and ADOPTS the R&R [ECF No. 13].  IT IS HEREBY ORDERED THAT:

1. Ground 1 of the petition [ECF No. 1] is DISMISSED WITHOUT PREJUDICE insofar as Taylor claims that his release date, as calculated by the Bureau of Prisons under the First Step Act, is incorrect.

2. Ground 2 of the petition is DISMISSED WITHOUT PREJUDICE.

3. Taylor's motion for judicial notice [ECF No. 17] is GRANTED IN PART AND DENIED IN PART as follows:

    a.      The motion is GRANTED as to Taylor's request for the Court to take judicial notice of the sentencing court's and Eleventh Circuit's dockets.

    b.      The motion is GRANTED as to Taylor's request for the Court to take judicial notice of the case law on which he relies.

    c.      The motion is DENIED in all other respects.

4.     The government's request for leave to file a surreply [ECF No. 27] is DENIED.

Dated: February 3, 2021           s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge